UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN HENDERSON,

               Plaintiff,

      -against-

RADEGEN SPORTS MANAGEMENT LLC
and ALEXANDER RADETSKY, individually,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/3/2025____

25 Civ. 1020 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On January 30, 2025, Plaintiff, Ryan Henderson, filed this suit in the Supreme Court of New York County, against Defendants, Radegen Sports Management LLC ("Radegen") and Alexander Radetsky, alleging employment discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-101 *et seq*. *See generally* Compl., ECF No. 1-1. On February 5, 2025, before Defendants were served with the summons and complaint, Defendants removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ("NOR") ¶ 5, ECF No. 1; Affidavit of Service, ECF No. 9-2; Baken Decl. II ¶ 5, ECF No. 21. Before the Court is Plaintiff's motion to remand the action to state court, and Defendants' motion for sanctions. Mot., ECF No. 8; Mem., ECF No. 8-1; *see also* Opp., ECF No. 12; Reply, ECF No. 18. For the reasons stated below, the Court denies Plaintiff's motion to remand, as well as Defendants' motion for sanctions.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over cases between citizens of different states when the amount

in controversy exceeds $75,000. *See id.* § 1332(a). "[O]n a motion to remand, the burden of showing complete diversity falls on 'the party seeking to sustain the removal, not the party seeking remand.'" *Derrica v. Tura, Inc.*, No. 21 Civ. 8820, 2022 WL 1421452, at *1 (S.D.N.Y. May 5, 2022) (citation omitted). "Determination of diversity jurisdiction is based on 'the state of facts that existed at the time of filing.'" *Id.* (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004)). An individual is a citizen of the state in which they are domiciled, *see Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000), and a limited liability company is a citizen of each state of which its members are citizens, *see Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51–52 (2d Cir. 2000).

"[W]here, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, 'the forum defendant rule applies.'" *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) (citation omitted). Under the forum defendant rule, a suit that is "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "By its text," this rule is "inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable . . . so long as a federal district court can assume jurisdiction over the action." *Gibbons*, 919 F.3d at 705.

**DISCUSSION**

I.    <u>Plaintiff's Motion to Remand</u>

Plaintiff argues that remand is required because the forum defendant rule applies. *See, e.g.*, Reply 6–8.[1]  This argument is foreclosed by Second Circuit precedent.  In *Gibbons*, the Second Circuit held that the unambiguous text of § 1442(b)(2) provides that the forum defendant rule is "inapplicable until a home-state defendant has been served in accordance with state law." 919 F.3d at 705.  Here, Defendants removed this case to federal court "after the suit was filed in state court but *before* any Defendant was served." *Id.*  Defendants filed their notice of removal ("NOR") with this Court on February 5, 2025, NOR ¶ 5.  Plaintiff, however, did not serve Defendants until March and April of 2025, respectively.  *See* Affidavit of Service (indicating that Defendant Radegen was served through the Secretary of State on March 4, 2025); Baken Decl. II ¶ 5 (stating that Defendant Radetsky was served on April 8, 2025).

Plaintiff does not dispute that he served Defendants after removal was effective.  Instead, Plaintiff argues that *Gibbons* should not apply here because, unlike the "complex, multi-district litigation" in *Gibbons*, this case "involves a single plaintiff suing his New York-based employer under New York State and City human rights laws for conduct that occurred entirely in New York."  Reply at 7.  The holding in *Gibbons*, however, did not turn on the factual circumstances of that case; rather, the holding was based on the unambiguous text of § 1442(b)(2), which, according to the Second Circuit, authorizes the exact sort of removal that occurred here. *See Gibbons*, 919 F.3d at 705.  Furthermore, to the extent that Plaintiff argues that removal is improper because allowing this case to be removed is at odds with the "overarching purpose of

---

[1] Defendants remove this action on the basis that the Court has original jurisdiction over the action under 28 U.S.C. § 1332 (diversity jurisdiction).  NOR ¶ 5.  Accordingly, Plaintiff's other arguments about federal question jurisdiction and when courts should exercise supplemental jurisdiction over pendant state claims are inapposite.

the removal statute, which is to allow an out-of-state defendant to escape prejudice in the state courts of the plaintiff's home state," Reply at 3, *Gibbons* squarely rejected that argument. *Gibbons*, 919 F.3d at 706. Therefore, removal is not barred by § 1442(b)(2).

Having determined that removal of this action is permitted under § 1442(b)(2), the Court turns to whether it has diversity jurisdiction and concludes that it does. *See id.* at 705. First, the adverse parties are completely diverse with regard to citizenship. *See* 28 U.S.C. § 1332(a)(1). Plaintiff is a resident and citizen of New Jersey. Compl. ¶ 8; Mem. ¶ 21. And each defendant is a citizen of New York. Defendant Radetsky is a resident and citizen of New York. NOR ¶ 8; Baken Decl. II ¶ 6. Defendant Radegen is organized as a limited liability company, Baken Decl. II ¶ 6, so it is a citizen of each state of which its members are citizens, *see Handelsman*, 213 F.3d at 51–52. Defendant Radetsky is the sole member of Radegen. *See* Rule 7.1 Disclosure, ECF No. 4; Incorporation Data Sheet, ECF No. 21-2. Therefore, Radegen is a citizen of New York, and there is complete diversity between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a)(1).

Second, Defendants allege, and Plaintiff concedes, that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *see* NOR ¶¶ 10–12; Mem. ¶ 37 (conceding that the "jurisdictional requirements" of diversity jurisdiction are satisfied). "Generally, 'when a defendant seeks federal-court adjudication' through removal, 'the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.'" *Chang v. Chang*, No. 25 Civ. 4917, 2025 WL 2356421, at *2 (S.D.N.Y. Aug. 14, 2025) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)). Plaintiff alleges, *inter alia*, that Defendant Radetsky "groped the Plaintiff's penis and rubbed his hand over Plaintiff's crotch area," Compl. ¶ 19; "groped" Plaintiff on at least one other occasion, *id.* ¶ 43, 57; called Plaintiff a "pussy" on

4

multiple occasions, *id.* ¶¶ 43, 55–57; slapped Plaintiff in the face, *id.* ¶ 56; and retaliated against Plaintiff for protesting such behavior, including by withholding Plaintiff's commissions and constructively terminating his employment, *id.* ¶¶ 74–75, 79.  Nothing on the face of the Complaint—which seeks "damages for emotional distress, lost wages, back pay, front pay, . . . [and] medical expenses" for its hostile work environment claim, *id.* at 21—causes the Court to question the amount in controversy.  The Court therefore has jurisdiction over this action under 28 U.S.C. § 1332(a), and removal is proper.[2]

      II.       Defendants' Motion for Rule 11 Sanctions

The Court denies Defendants' motion for sanctions, *see* Opp. at 7–8, because it does not comply with the strict procedural requirements for Rule 11 sanctions, requiring both that the Rule 11 motion be filed as a separate motion and that it be served on the offending party twenty-one days before it is filed with the Court.  *See* Fed. R. Civ. P. 11(c)(2); *Rogers v. Henry*, No. 16 Civ. 5271, 2017 WL 5495805, at *4 (E.D.N.Y. Sept. 12, 2017).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED, and Defendants' motion for Rule 11 sanctions is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 8.

      SO ORDERED.

Dated:  December 3, 2025
       New York, New York

                                   ANALISA TORRES
                        United States District Judge

---

[2] Plaintiff does not dispute, and it appears to the Court, that Defendants have complied with the procedural requirements of 28 U.S.C. § 1446.  *See* NOR ¶¶ 13–16; *see also id.* ¶ 16 (indicating that Defendants would "promptly" comply with the additional procedural requirements of 28 U.S.C. § 1446(d)).