USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____5/4/2026_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

RYAN HENDERSON,

          Plaintiff,

      -against-

RADEGEN SPORTS MANAGEMENT LLC
and ALEXANDER RADETSKY,
individually,

          Defendants.

-------------------------------------------------------------------X

Civ No.: 25-cv-1020 (AT)

## STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND DOCUMENTS

IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Ryan Henderson and Defendants Radegen Sports Management, LLC ("Radegen") and Alexander Radetsky ("Radetsky"), by and through their respective undersigned counsel, as follows:

1. Any party to this Stipulation And Order For The Protection And Exchange Of Confidential Information And Documents ("Stipulation and Order") may designate as "Confidential Matter," which can only be disclosed or made available to the "Qualified Persons" identified in Paragraph "7" below, any information or document (in any format or medium, including, but not limited to, information captured or documented electronically, on paper or through any form of recording) which the party in good faith believes represents or contains confidential business, personal or professional information. "Confidential Matter" governed by this Stipulation and Order, includes, but is not limited to: (a) any proprietary, personnel, performance, compliance, financial, compensation, technical, confidential, operational, business, professional, regulatory, medical, payroll, data, or otherwise personal information, documentation or files that pertain to any current, former or prospective employees of Defendant Radegen or to

any of its current, former or prospective affiliates, including, but not limited to, Plaintiff; (b) any proprietary, personnel, performance, compliance, financial, compensation, technical, confidential, operational, business, professional, regulatory, medical, payroll, media, social media, data, or otherwise personal information, documentation or files pertaining to Defendants and/or to any of Defendant Radegen's current, former or prospective affiliates; (c) any proprietary, personnel, performance, compliance, financial, compensation, technical, confidential, operational, business, professional, regulatory, medical, payroll, media, social media, data, or otherwise personal information, documentation or files pertaining to any current, former or prospective clients, or representatives of Defendants and/or to any of its respective current, former or prospective affiliates; (d) any proprietary, personnel, performance, compliance, financial, compensation, technical, confidential, operational, business, professional, regulatory, medical, payroll, media, social media, data, or otherwise personal information, documentation or files pertaining to any current, former or prospective vendors or contractors of Defendants and/or to any of Defendant Radegen's respective current, former or prospective affiliates; (e) any documents obtained by subpoena, order or otherwise from any current, former or prospective employee, affiliate, clients, or representatives of Defendants; and (f) any trade secrets, proprietary business information, competitively sensitive information, clients, or representatives of Defendant Radegen and/or to any of its respective current, former or prospective affiliates, or other information the disclosure of which would, in the good faith judgment of the party designating the material as Confidential, be detrimental to the conduct of that party's business and/or operations or to the business and/or operations of any of that party's customers, clients, representatives, vendors, contractors or affiliates.

2.      This Stipulation and Order will apply to documents or other material that a party has obtained through sources other than a producing party, unless otherwise provided for herein.

2

Notwithstanding anything else in this Stipulation and Order to the contrary, for the avoidance of doubt, if Plaintiff currently possesses copies of material due to his former employment with Defendant Radegen, and Defendants produce copies of the material and designate it as "Confidential Matter," the material shall enjoy all protections provided for in this Stipulation and Order and Plaintiff shall be so bound. Nothing in this Stipulation shall restrict Plaintiff's use of documents or use of information in this litigation.

3.    Any information and/or documents designated as "Confidential Matter shall be used solely for the purposes of litigating this lawsuit (including any appeal of this action) and not for any other purpose, including, but not limited to, any business or personal purpose, or any other lawsuit, action or proceeding.  However, nothing contained in this Stipulation and Order shall: (a) prohibit Defendants or any of Defendant Radegen's affiliates from using confidential information or documents marked "Confidential Matter" that Defendants have produced in this proceeding for the personal, professional or business purposes of Defendants and/or their affiliates.  Likewise, nothing contained herein shall prohibit Plaintiff from using confidential information or documents marked "Confidential Matter" that are unrelated to Defendants and/or to Defendant Radegen's respective current, former or prospective employees, executives, representatives, clients, vendors, contractors  or other affiliates, that Plaintiff has properly obtained and has properly produced in this action, for Plaintiff's personal, professional or business purposes. –

4.    This Stipulation and Order will extend to any information or materials derived from a source other than a party to this action if the information or materials provided by that source are the same in substance as information or materials also provided by a party and designated as "Confidential Matter."

5.    "Confidential Matter" shall be labeled or otherwise designated "Confidential" or the equivalent.  Any such designation shall be visible on the face of every page of any document

so designated.  Documents produced solely as native files, if any (e.g., Excel spreadsheets), shall contain the applicable designation(s) in the title of the electronic file.  Any designation which inadvertently is omitted prior or subsequent to the entry of this Stipulation and Order may be corrected retroactively by written notification to the opposing party, without losing or waiving any protections afforded by this Stipulation and Order.

6.      If any party or counsel wishes to use or inquire into "Confidential Matter" at any deposition, the portion of the deposition transcript that relates to the "Confidential Matter" shall be designated and treated as "Confidential Matter" and shall be subject to the confidentiality/protective provisions in this Stipulation and Order.

7.      "Confidential Matter" (including portions of deposition transcripts) or information derived therefrom, and any notes, abstracts, summaries, analyses or reports pertaining thereto, may only be disclosed or made available by the party and/or counsel receiving the "Confidential Matter" or information to "Qualified Persons," who are defined to consist of:

a.      The Judge presiding over this action and any court personnel necessary to facilitate the action, including, but not limited to, stenographic reporters and clerical and/or administrative personnel, , the jury, and any appellate court presiding over any appeal of this lawsuit;

b.      The parties to this lawsuit, including any current or former officer, director, employee, human resources personnel, or in-house legal personnel for Defendants who is responsible for assisting counsel for Defendants in the lawsuit and/or who is deemed necessary to aid counsel for Defendants in the defense of this action.

c.      Counsel for the parties to this lawsuit and their employees or agents, including associate attorneys, paralegals, litigation assistants, secretarial personnel,

4

stenographic personnel, clerical personnel, and outside litigation support services, including without limitation, outside duplicating, photocopying and/or data management services;

    d.    Deponents, witnesses and possible witnesses, including experts (whether or not retained to testify) and third-party deponents utilized in connection with this lawsuit;

    e.    Mediators used in connection with this lawsuit;

    f.    Court reporters and/or videographers present at any hearing, deposition or trial in this lawsuit; and

    g.    Any other person(s) agreed to in writing by the parties.

8.    Each individual given access to information or documents designated as "Confidential Matter" pursuant to the terms of this Stipulation and Order who is not a representative of a party to this lawsuit (other than the Honorable Torres and any court personnel necessary to facilitate this action) shall be: (a) advised the information and/or documents are being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof; and (b) required to sign a copy of the acknowledgement attached hereto as Exhibit "A."

9.    Any non-party who produces documents to be used in this lawsuit may designate the documents or information contained in the documents as "Confidential Matter" and enjoy the benefits provided under this Stipulation and Order with regard to such production, provided the non-party makes the designation in writing. Such written designation shall not be required to take any specific form, so long as it specifies the non-party's desire to designate the documents or information as "Confidential Matter" pursuant to the terms of this Stipulation and Order.

10.    If any party receiving documents or information designated as "Confidential Matter" under this Stipulation and Order objects to such designation for any or all of such items, the following procedures shall apply:

a.    The non-designating party shall serve on the designating party or third-party a written objection to the designation, which objection shall describe with particularity the information or documents in question and shall state the grounds for the objection.  The designating party or third-party shall respond in writing to each objection propounded in this manner within seven (7) days after receiving the objection, and shall state with particularity the grounds for asserting the propriety of the designation.  If the designating party or third-party does not respond to an objection, the challenged designation will be deemed to be void.  If the designating party or third-party responds to an objection and asserts the propriety of the designation, the designating party or third-party and the non-designating party shall then confer in good faith in an effort to resolve the dispute;

b.    If the dispute is resolved in favor of eliminating the "Confidential Matter" designation, the producing party or third-party shall reproduce the material with the designation having been removed;

c.    If the dispute is resolved in favor of retaining the "Confidential Matter" designation, no further action by the producing party or third-party shall be necessary;

d.    If a dispute as to a designation cannot be resolved by agreement between the designating party or third-party and the non-designating party, the parties shall present the dispute to the Honorable Torres by joint letter, with a "cc" to any interested third-parties, in accordance with applicable rule(s); and

6

e. If any designation is disputed, the designation shall be deemed applicable and shall remain in full force and effect, and all disputed information and documents designated as "Confidential Matter" shall be treated as "Confidential Matter" under the terms of this Stipulation and Order, until the dispute is resolved by the Honorable Torres.

11. If Plaintiff or Defendants wish to file any "Confidential Matter" with the Court prior to trial (including copies of any deposition transcripts), the parties shall: (a) file the "Confidential Matter" pursuant to any Court-established directions or procedures for the handling of such material; or (b) in the absence of any Court-established directions or procedures, take steps necessary to ensure the "Confidential Matter" is filed under seal and is maintained by the Court under seal until further Order of the Court. After any "Confidential Matter" is filed with the Court, the only individuals who will be allowed access to such information and/or documents will be those identified in Paragraph "7" above. Within sixty (60) days after the completion of this action, any party on whose behalf documents containing "Confidential Matter" were submitted to the Court will request the return of all the documents designated as "Confidential Matter" which the party has submitted to or filed with the Court. However, if a party fails to request the return of any documents designated as "Confidential Matter" after the expiration of this sixty (60) day period, the documents shall be destroyed by the Court.

12. The specification of appropriate safeguards concerning evidence at the parties' trial is specifically reserved for action by the Honorable Torres or later agreement by the parties at or before the trial.

13. If information or documents designated as "Confidential Matter" in the possession of a receiving party are subpoenaed or ordered to be produced by any court, administrative agency, legislative body or other person or organization purporting to have authority to subpoena or order

7

the production of such information or data other than the Court, the party to whom the subpoena or order is directed shall: (a) immediately notify the person or entity requesting the information or documents of this Stipulation and Order, and (b) provide the requesting person or entity with a copy of this Stipulation and Order.  In addition, the party to whom the subpoena or order is directed shall not provide or otherwise disclose any information or documents designated as "Confidential Matter" in response to a subpoena or order that has not been issued in connection with this lawsuit without first providing, within five (5) business days after receiving the subpoena or order, a copy of the subpoena or order and, to the extent not contained in full within the subpoena or order, written notification to the party who produced the "Confidential Matter" of: (i) the information and documents which are requested for production in the subpoena or order; (ii) the date on which compliance with the subpoena or order is requested; (iii) the location at which compliance with the subpoena or order is requested; (iv) the identity of the party or entity serving the subpoena or order; and (v) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or order has been issued.  If any party to this lawsuit is compelled by subpoena or court order, or otherwise is requested by any third-party to appear and testify concerning matters encompassed by this paragraph, counsel for the party receiving the subpoena or court order will provide written notice of the subpoena or order to counsel for the opposing party within five (5) business days after the receiving party receives the subpoena or order.  However, if the appearance date established by the subpoena or order is within ten (10) days after the receiving party receives the subpoena or order, counsel for the receiving party shall provide counsel for the opposing party written notice of the subpoena or order within two (2) business days after the receiving party receives the subpoena or order.  The parties also agree they will not challenge their respective standing to move to quash any subpoena and/or to contest any

8

order covered by this paragraph.  The parties further agree to refrain from challenging or impeding an opposing party's efforts, if any, to move to quash any subpoena and/or to contest any order covered by this paragraph.

14.    This Stipulation and Order is intended to govern the procedures for the disclosure of confidential documents, material and information.  Nothing contained in this Stipulation and Order is intended to, or shall be construed to, waive any objections to the production of any information or documents that any party may wish to assert, including, but not limited to, any objections on the grounds of relevance, privilege and/or confidentiality, to any requests for discovery propounded by any other party in this action.

15.    Entering into, agreeing to and/or complying with the terms of this Stipulation and Order shall not prejudice in any way the right of any party at any time: (a) to seek a determination from the Court of whether any particular item or piece of information should be subject to the terms of this Stipulation and Order; or (b) to seek relief on notice from any provisions of this Stipulation and Order, either generally or as to any particular document or piece of information. In addition, nothing contained in this Stipulation and Order shall be construed to prevent any party from applying to the Court for the revision of any terms within this Stipulation and Order.

16.    Nothing in this Stipulation and Order shall require the disclosure of information or documents which are protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity, and the inadvertent production of information or materials that are protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity shall not operate as a waiver of such privilege or immunity.  If a producing party becomes aware that it inadvertently has produced information or materials that are protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity, the producing party should promptly notify the receiving party in writing of the inadvertent

production.  Once the receiving party receives notice of the inadvertent production, the receiving party shall make reasonable efforts to retrieve all copies of the information and materials the receiving party or its agents distributed to others and shall: (a) return all originals and copies of such inadvertently-produced material to the producing party within three (3) business days after receiving such notice; or (b) certify within three (3) business days after receiving such notice that it has purged their records of all copies of the documents in its possession or control.  Any notes or summaries referring or relating to any inadvertently-produced or mistakenly-produced information and/or materials subject to a claim of privilege or immunity shall be destroyed forthwith.  Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product doctrine or other applicable privilege designation by submitting a written or oral challenge of the designation to the Court.  The producing party bears the burden of establishing the privileged nature of any inadvertently-produced information or materials.  The receiving party shall refrain from distributing or otherwise using the inadvertently-disclosed information or materials for any purpose until the discoverability of the materials is agreed upon by the parties or resolved by the Court.  Notwithstanding the foregoing, the receiving party may use the inadvertently-produced information or materials solely to respond to a motion by the producing party seeking the return or destruction of such information or materials.  If the receiving party becomes aware that it has received information or materials which it knows or reasonably should know are privileged or subject to an immunity, the receiving party or its counsel shall immediately take steps to: (i) stop reading such information or materials; (ii) notify the producing party or its counsel of such information or materials; (iii) collect all originals and copies of such information or materials in the receiving party's possession or control; (iv) return such information and/or materials to the producing party; and (v) otherwise comport itself in accordance with Rule 4.4(b) of the New York Rules of Professional Conduct.

17.     Draft expert reports are not discoverable and need not be produced in discovery or retained by the parties or their respective experts.  Communications between a party or its counsel and a testifying expert are not discoverable except to the extent the communications: (a) relate to compensation for the expert's study or testimony; (b) identify facts or data the party's counsel provided and the expert considered in forming the opinions to be expressed; or (c) identify assumptions the party's counsel provided and upon which the expert relied in forming the opinions to be expressed.

18.     Except as specified below, at the termination of this litigation, including and the conclusion of and any appeal of this action and the exhaustion of all appellate review, all originals and copies of "Confidential Matter" in the possession of a receiving party, and all originals and copies of excerpts thereof, shall be destroyed by the receiving party within thirty (30) business days after the latter of: (a) the conclusion of the litigation; or (b) the exhaustion of the appellate process.  Any document containing "Confidential Matter" which bears the notations of a receiving party or the receiving party's counsel need not be destroyed by the receiving party if counsel for the receiving party maintains one copy of the annotated document in counsel's litigation file in accordance with the procedures specified in this Paragraph "18."  In addition to any applicable ethical obligation, counsel for any party who has received information and/or documents designated as "Confidential Matter" by another party or third-party in connection with this action will be permitted to retain and store one copy of the "Confidential Matter" in counsel's case file.  Furthermore, the parties agree that Defendant Radegen may retain copies of any "Confidential Matter" produced by Plaintiff or any third-party in this action: (i) solely for archival purposes; and (ii) subject to any copies of the retained "Confidential Matter" remaining on Defendant Radegen's computer back-up storage in compliance with Defendant Radegen's record retention policies.  Any "Confidential Matter" in the possession or control of Defendants that is not destroyed shall remain

confidential under this Stipulation and Order.  Notwithstanding the foregoing, Defendant Radegen

will not retain Plaintiff's medical or personal records beyond litigation outside of statutory

requirements and its retention policies.

***SUBMITTED BY AND AGREED TO FOR AND ON BEHALF OF THE PARTIES:***

L&D LAW P.C.                                          JACKSON LEWIS P.C.
11 Broadway, Suite 615                               44 South Broadway, 14th Floor
New York, NY 10004                                   White Plains, New York  10601

By: ___*Paul Liggieri*___                            By:_____
    Paul Liggieri                                        Scott T. Baken
                                                         Poonam Sethi
*Attorneys for Plaintiff*

                                                     *Attorneys for Defendants*

Nothing in this order shall be construed to supersede the rules governing sealed filings, including
Rule IV(A) of the undersigned's Individual Practices in Civil Cases, this Court's Local Rules, and the
Electronic Case Filing Rules and Instructions.  The parties shall meet and confer in an effort to
minimize any redaction or sealing request prior to submitting such request to the Court.

SO ORDERED.

Dated: May 4, 2026
       New York, New York

                                                     _____
                                                     ANALISA TORRES
                                                     United States District Judge

12

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------X

RYAN HENDERSON,

                        Plaintiff,

           -against-

RADEGEN SPORTS MANAGEMENT LLC
and ALEXANDER RADETSKY,
individually,

                     Defendants.

Civ No.: 25-cv-1020 (AT)

----------------------------------------------------------------------------X

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

The undersigned hereby acknowledges and says:

1.      I hereby attest to my understanding that: (a) information or documents designated "Confidential" or "Confidential Matter" are being provided to me pursuant to the terms, conditions and restrictions set forth in the Stipulation And Order For The Protection And Exchange Of Confidential Information And Documents (the "Stipulation and Order") dated May __, 2026 in the above-captioned action; and (b) I have been given a copy of and have read the Stipulation and Order.

2.      I hereby agree to be bound by the terms, conditions and restrictions of the Stipulation and Order.  I also understand that my execution of this Agreement To Maintain Confidentiality, which confirms my agreement to comply with and be bound by the Stipulation and Order, is a prerequisite to my ability to access and review any information, documents or other materials covered by the Stipulation and Order.

3.      I further agree that I shall not disclose to any other individual or entity, except in accordance with the Stipulation and Order, any information, documents or other materials covered

by the Stipulation and Order, including any notes, memoranda or other writings regarding any information, documents or materials covered by the Stipulation and Order.  I acknowledge and agree that such information, documents and/or materials shall be used only for the purposes authorized by the Stipulation and Order.

4.    I further agree and attest to my understanding that my obligation to honor the confidentiality of any information, documents or materials covered by the Stipulation and Order shall continue even after the termination of this litigation.

5.    I further agree to be subject to the jurisdiction of the judge presiding over this action, and/or to the jurisdiction of any other court of competent jurisdiction, in any action or proceeding to enforce the Stipulation and Order or this Agreement To Maintain Confidentiality.

Dated: _____

By:  _____

Printed Name: _____